UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50267
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUADALUPE IBARRA-SANDOVAL

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
(P-98-CR-232-2)
_____

May 8, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI[*], Judge.

DAVIS, Circuit Judge:[**]

Guadalupe Ibarra-Sandoval ("Ibarra") pleaded guilty, pursuant to a written plea agreement, to one count of importation of marijuana. Ibarra appeals her sentence, contending that the district court erred by increasing

---

[*] Judge of the International Court of Trade, sitting by designation.

[**] Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

her offense level for using a minor to assist in the commission of the offense.

Ibarra was a passenger in a vehicle being driven by her sister, Emma Torres-Sandoval ("Torres"), from Mexico to the United States. United States Customs Agents stopped the Torres vehicle at the Port of Entry in Presidio, Texas. Torres' three-month old daughter was also a passenger in the vehicle. Upon inspection, Customs Agents discovered 65.4kg of marijuana in a hidden compartment inside the vehicle's gas tank. When questioned, Ibarra informed the agents that she and her sister were each paid $3,500 to transport the drugs to Carlsbad, New Mexico. Torres denied any knowledge of the marijuana.

In arriving at its sentence for Ibarra, the district court accepted the probation officer's recommendation in the PSR that Ibarra's offense level be increased two levels pursuant to U.S.S.G. § 3B1.4 for use or attempted use of a juvenile during the offense. The district court imposed a 30 month sentence of imprisonment.

As the sole issue on appeal, Ibarra challenges this two level increase. Ibarra contends that the increase

2

contemplated by § 3B1.4 does not apply simply because a minor is present during an offense.

Section 3B1.4, of the Federal Sentencing Guidelines provides for an upward departure of two levels, "[i]f the defendant used or attempted to use a person less than 18 years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense ...." Section 3B1.4 further states, in Application Note 1, that "'Used or attempted to use' <u>includes</u> directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." (emphasis added). The commentary to the guidelines is binding on this Court. <u>Stinson v. United States</u>, 508 U.S. 36, 42 (1993).

The Sentencing Commission's use of the qualifying term 'includes', plainly signals that the enumerated 'uses' are not exclusive. Furthermore, Congress directed the Sentencing Commission to promulgate guidelines to provide for a sentence enhancement for adults who "<u>involve</u>[] a minor in the commission of the offense." 28 U.S.C.A. § 994, Historical and Statutory Notes (Supp. 1996) (emphasis added). When we read the guideline in

3

light of this Congressional directive, the guideline is broad enough to encompass circumstances where adult criminals benefit from a minor's passive participation in the criminal scheme.

Notwithstanding Ibarra's arguments to the contrary, we conclude that the district court was entitled to infer that Ibarra and Torres transported the small child in the vehicle as part of a strategy calculated to reduce the chance that law enforcement agents would delay their trip to make a careful inspection of the vehicle for drugs. We conclude that this use of a child as a diversionary tactic to transport drugs undetected across the border is a 'use' of a minor under § 3B1.4.

Accordingly, the judgment of the district court is AFFIRMED.

POLITZ, Circuit Judge, dissenting:

I must respectfully dissent. As I read the record before us, it does not support the challenged action of the trial court increasing Ibarra's base offense computation two levels under U.S.S.G. § 3B1.4 for the use or attempted use of a juvenile during the offense charged.

In 1994 Congress directed the Sentencing Commission to "promulgate guidelines or amend existing guidelines to provide that a defendant... shall receive an appropriate sentence enhancement if the defendant involved a minor in the commission of the offense."[***] It is my understanding that Congress further instructed that the guidelines shall apply:

> for any offense in relation to which the defendant has solicited, procured, recruited, counseled, encouraged, trained, directed, commanded, intimidated, or otherwise used or attempted to use any person less than 18 years of age *with the intent that the minor would commit a Federal offense* (emphasis added).[****]

Section 3B1.4 was enacted in response to that congressional directive.[*****] In the case at bar, the mere presence in the vehicle of the three-month old baby, who is not the defendant's child, without more, should not, in my opinion, be construed as the proscribed involvement of a child in the drug-trafficking offense.

The United States contends that the wording of subsection (a)(1), "involved

---

[***]Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322 sec. 140008(a)(1), 108 Stat. 1796, 2033.

[****]Pub.L. 103-322 sec. 140008(a)(2), 108 Stat. 1796, 2033.

[*****]U.S.S.G. Appendix C, amend. 527 (1997).

a minor in the commission of the offense," is broad enough to cover intentionally using a minor as an innocent decoy.[******] Accepting same for present purposes, the record herein, however, is wholly devoid of any evidence indicating that the defendants intentionally used the child to avoid detection of the marihuana or to lessen suspicions by the border agents. The drugs were in a hidden compartment in the vehicle's gas tank. They were not located on or near the child's person and were not otherwise connected to the child in any way.[*******] The government offered no evidence relevant to the infant at the sentencing hearing.[********] Further, the sentencing judge conceded that he did not know what Ibarra's reasons were for having the child present in the vehicle, simply observing that his resolution was based on what often occurs in drug transportation cases.[*********] I am forced to the

---

[******]*Id.* (stating that § 3B1.4 was enacted in response to Congress' directive but in a slightly broader form).

[*******]For example, if the drugs had been discovered under or within the baby's car seat, or wrapped inside the baby's clothing, my conclusion would be different. But that is not the situation herein. There is no suggestion that Ibarra in any way attempted to use the child as a screen or to accelerate the inspection when stopped by the agents. In addition, upon questioning Ibarra readily admitted her involvement.

[********]**United States v. Hull,** 160 F.3d 265 (5th Cir. 1998) *cert. denied,* **Hull v. United States,** 119 S. Ct. 1091 (1999) (prosecutor must prove facts relevant to sentencing by a preponderance of the evidence); **United States v. Huskey,** 137 F.3d 283 (5th Cir. 1998) (same).

[*********]The Addendum to the PSI, written in response to Ibarra's objections to the two-level adjustment, stated that "[B]oth defendants chose to use an infant and place it in 'harm's way.' " While this may be true, it is not, in my opinion, the equivalent of using a child in the context of section 3B1.4. Whether other provisions might have been appropriately applied if evidence had been adduced is not before the court at this point.

conclusion that the trial judge erred in assuming that Ibarra used her three-month old niece to avoid detection of, or apprehension for, the crime. As such, the imposition of a two-level increase under section 3B1.4 was improper. I would vacate and remand for resentencing.